

FILED
SU-RIOR COURT

2012 ... 11 ... 55

CLER C COURT
BY...

## IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| **PEOPLE OF GUAM** | ) **CRIMINAL CASE NO. CM0366-09** |
| | ) |
| | ) |
| | ) |
| **vs.** | ) **DECISION AND ORDER** |
| | ) **(Motion to Dismiss Under People v.** |
| | ) **Rasauo)** |
| | ) |
| | ) |
| | ) |
| **BANTY AFITUK,** | ) |
| **DOB: 10/27/1986** | ) |
| **Defendant.** | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 5, 2012, for a hearing on Banty Afituk's ("Defendant") Motion to Dismiss Under People v. Rasauo. Assistant Public Defender Pablo M. Aglubat represented Defendant. Assistant Attorney General Suzanne K. Horrigan appeared on behalf of the People of Guam ("the People"). The Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

A Complaint was filed in the above-captioned case on May 6, 2009, charging Defendant with (1) Leaving the Scene of an Accident (As a Petty Misdemeanor) and (2) Driving Without a License (As a Petty Misdemeanor). Complaint (May 6, 2009). Defendant was notified to appear in Court on July 1, 2009 at 9 a.m. Citation and Notice to Appear (May 6, 2009). On July 1,

2009, Defendant appeared before the Honorable Alberto C. Lamorena, III, for an arraignment. Super. Ct. of Guam Minute Entry Log No. 110400 (July 1, 2009). The arraigning Court noted that Defendant appeared without counsel and continued arraignment for July 8, 2009. Id. In the meantime, Defendant was appointed Public Defender Services Corporation to serve as his counsel and released him on a $1,000 personal recognizance bond. Notice of Court Appointment (Jul. 1, 2009) and Order of Conditional Release and Appearance Bond (Jul. 1, 2009).

On July 8, 2009, Defendant appeared with counsel and was arraigned. He plead not guilty and requested a jury trial. Defendant also waived his right to a speedy trial pursuant to 8 G.C.A. § 80.60 and the 6th Amendment. Super. Ct. of Guam Minute Entry Log No. 110035 (Jul. 8, 2009) and Def's Assertion or Waiver of Speedy Trial (Jul. 8, 2009).

Defendant was not present at a Criminal Trial Setting scheduled on July 24, 2009. Transcript JDAASCRA (7/24/2009) at 9:24:07. The Court also scheduled Trial Settings on August 21, 2009, and September 25, 2009, where Defendant failed to appear. As a result, a Violation Report was filed by Probation citing that Defendant (1) failed to report weekly in person and (2) missed several Court hearings. Accordingly, a Summons was issued on October 14, 2009. Summons (Oct. 14, 2009). At another Trial Setting scheduled by the Court on November 20, 2009, and a hearing to answer to the Violation Report, Defendant again was not present. The Court then issued a Summons on November 24, 2009. Summons by Court (Nov. 24, 2009). On December 31, 2009, a Second Violation Report was filed by the Probation Office. The Violation Report cites similar infractions as contained in the First Violation Report, relative to Defendant's absence at Court hearings and failure to report in person weekly to the Probation Office. On January 15, 2010, Defendant was not present for another Trial Setting and

answering to the Violation Report. Consequently, the Court issued a Summons on January 15, 2010, summoning Defendant to appear before the Court on February 26, 2010. Summons (Jan. 15, 2010).

At the February 26, 2010, Trial Setting and answering to the Violation Report set by the Court, Defendant was present. Transcript JDAASCRA (2/26/2010) at 11:35:27. Defendant was present at all Court hearings thereafter, except for a Trial Setting on July 9, 2010.

Defendant filed a Motion to Dismiss under People v. Rasauo on December 21, 2011. Def's Notice of Motion & Motion to Dismiss under People v. Rasauo (Dec. 21, 2011). The People opposed Defendant's Motion to Dismiss. People's Opposition to Motion to Dismiss (Jan 3, 2012). Thereafter, Defendant filed a Reply to People's Opposition to Defendant's Motion for the Dismissal of the Complaint. Def's Reply to People's Opposition to Defendant's Motion for the Dismissal of the Complaint. (Jan. 23, 2012). On that same day, Defendant also filed an Addendum to Reply to People's Opposition to Defendant's Motion for Dismissal of the Complaint. Addendum to Reply to People's Opposition to Def's Motion for Dismissal of the Complaint. (Jan. 23, 2012).

The Court heard Defendant's Motion to Dismiss under People v. Rasauo on March 5, 2012, and now issues this Decision.

## DISCUSSION

Defendant argues that the Complaint be dismissed pursuant to People v. Rasauo, 2011 Guam 14. Defendant states that a Complaint was filed against him On May 6, 2009, and that he was not arraigned until July 8, 2009, a total of sixty-three (63) days after the filing of the Complaint. Defendant also cites that the record does not indicate the reason for such delay beyond the sixty day rule created by the decision in People v. Rasauo, 2011 Guam 14. Def's

Notice of Motion and Motion to Dismiss Under People v. Rasuao (Dec. 21, 2011). Defendant argues, inter alia, that the burden of proof is on the prosecution to show that delay was justifiable for good cause. Def's Addendum to Reply to People's Opposition to Def's Motion for Dismissal of the Complaint (Jan. 23, 2012). Further, Defendant contends that "no good cause has been shown for the delay between [Defendant's] Notice to Appear date (July 1, 2009) and his first scheduled arraignment (July 8, 2009) and that the Complaint be dismissed with prejudice." Def's Reply to People's Opposition to Defendant's Motion for the Dismissal of the Complaint (Jan. 23, 2012).

The People oppose this motion arguing that good cause is shown for the delay in Defendant's arraignment and that Defendant "does not provide any argument as to why he believes good cause does or does not exist in this case." People's Opposition to Motion to Dismiss at 2 (Jan. 3, 2012).

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the Complaint." See People v. Rasauo, 2011 Guam 14 ¶ 14. This Court notes that Rasauo II articulated that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." Rasauo II ¶ 14. The holding in Rasauo II is designed to provide a baseline standard, and not bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate. Rasauo II ¶ 14.

In the instant case, the time between the filing of the Complaint and Defendant's first appearance on July 1, 2009 amounts to fifty-six (56) days and does not violate the 60 day rule announced in Rasauo II. However, the Court must determine if the time between July 1, 2009

and July 8, 2009 constitutes good cause or if this case must be dismissed for the 60 day rule violation. On July 1, 2009, Defendant appeared before the Honorable Alberto C. Lamorena, III, for an arraignment. Super. Ct. of Guam Minute Entry Log No. 110400 (July 1, 2009). The arraigning Court noted that Defendant appeared without counsel and continued arraignment for July 8, 2009. Id. In the meantime, Defendant was appointed Public Defender Services Corporation to serve as his counsel and released him on a $1,000 personal recognizance bond. Notice of Court Appointment (Jul. 1, 2009) and Order of Conditional Release and Appearance Bond (Jul. 1, 2009).

8 G.C.A. § 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. Hamilton v. Alabama, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. See e.g. Huston v. Com., 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005).

With the case at bar, there were more than sixty (60) days from complaint to arraignment, thus establishing a basis for dismissal if there is no good cause shown. The additional time given to Defendant to meet counsel to discuss matters of great significance concerning his case was for a reasonable period, which resulted in three days over the 60 day rule for arraignment. Appropriately, the Court finds that there was good cause shown for the slight delay and no violation committed in this case pursuant to the holding in Rasauo II.

For these reasons, the Court DENIES Defendant's Motion to Dismiss Under People v. Rasauo.

/ / /

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Under People v. Rasauo.

This matter is set for a _trial Setting_ on _5/7/12_ at _10a.m_.

**SO ORDERED** this _11_ day of _April_, 2012.

_[signature]_
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

APR 1 1 2012

**Amando D. Quitoriano**
Deputy Clerk, Superior Court of Guam